**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IN THE MATTER OF THE REAL ESTATE OF ALVIN DAVID SMITH, JR., DECEASED | ) ) ) ) | **C.A. No. 2019-1038-SEM (JRS)** |
| -AND- | ) ) | |
| CARLA COWAN, Petitioner, | ) ) ) ) | |
| v. | ) ) | **C.A. No. 2018-0915-SEM (JRS)** |
| JAMES E. FURLOW, Respondent. | ) ) ) ) | |

**ORDER OVERRULING EXCEPTIONS AND
AFFIRMING MASTER'S ORDER**

WHEREAS, on December 27, 2019, a Petition for Permission to Sell Real Estate to Pay Debts of Decedent (the "Petition") was filed by James Furlow, Personal Representative of the Estate of Alvin David Smith, Jr. (the "Estate") (D.I. 1)[1];

---

[1] References to Docket Items refer to docket entries in 2019-1038-SEM, unless otherwise indicated.

WHEREAS, a hearing on the Petition was held before a Master of this court on September 3, 2020 (D.I. 33);

WHEREAS, the Master issued an Order on March 19, 2021, granting with modifications the Petition (the "Master's Order") (D.I. 61);

WHEREAS, on April 14, 2021, Carla Cowan ("Ms. Cowan"), an heir to the Estate, filed a Notice of Appeal with the Supreme Court of Delaware;

WHEREAS, on June 4, 2021, the Supreme Court issued its Order dismissing the appeal for lack of jurisdiction, and issued its Mandate on June 22, 2021 (D.I. 76);

WHEREAS, on June 17, 2021, Ms. Cowan efiled a Request for Review of Final Order, which the Court will treat as Ms. Cowan's Notice of Exceptions to the Master's Order (the "Exceptions") (D.I. 75);

WHEREAS, following a briefing schedule entered by this Court (D.I. 80), the Exceptions were submitted for decision on September 10, 2021 (D.I. 91).

NOW, THEREFORE, this 3rd day of December, 2021, it appears to the Court that:

1.  The Court has reviewed the record and determined that it is possible to conduct a *de novo* review without a trial of the case or conducting an evidentiary

hearing.[2]  The Exceptions do not turn on dispositive credibility determinations that would require the Court to view the witnesses.[3]

2. By Order dated March 19, 2021, the Master authorized the sale of real property located at 406 South Gerald Avenue, Newark, Delaware once owned by Calvin David Smith, Jr. (the "Real Property") (D.I. 61).  The Real Property was sold on April 9, 2021, as evidenced in a Return of Sale efiled with this Court on May 4, 2021 (D.I. 71).  The Master ordered the sale after determining, as per 12 *Del. C.* § 2701, that the sale was required to allow the Estate to meet its financial obligations.[4]  Specifically, the Master received competent evidence that the Estate's liabilities (˜$20,087.34) exceeded its assets (˜$18,510.53), and that the sale of the Real Property, as requested by the Estate's personal representative, was necessary to allow the Estate to meet its obligations.  This determination was free from legal error and supported by the factual record.  "Believing the Master to have dealt with the

---

[2] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[3] *See id.*; *accord Lynch v. City of Rehoboth Beach*, 2005 WL 2000774, at *1 (Del. Ch. Aug. 16, 2005)  ("When the parties except to one or more of the Master's findings from the evidence in the case, the Court can read the record that is relevant to the exceptions raised and draw its own factual conclusions.").

[4] *See* 12 *Del. C.* § 2701(a) ("When the personal estate of a decedent is not sufficient to pay the decedent's debts, the decedent's executor or administrator may present to the Court of Chancery of the county in which there is any real estate of the decedent a petition outlining such facts, and praying for an order for sale of the whole, or such part thereof, if the personal estate is not sufficient for that purpose.)

issues in a proper manner and having articulated the reasons for her decision well, there is no need for me to repeat her analysis."[5]

3.     Ms. Cowan raises several issues in her Exceptions, none of which have merit. As a threshold matter, I note that the Exceptions were not timely filed. Court of Chancery Rule 144(d) requires that exceptions to final reports of Masters be filed "within eleven days of the report."[6] Here, the Master's Order was filed on March 9, 2021,[7] but Ms. Cowan did not file her Exceptions until June 17, 2021.[8] This, alone, would be ground to overrule the Exceptions.[9]

4.     Ms. Cowan's argument that she was denied due process in connection with the hearing on the Petition is summarily rejected. The Master gave Ms. Cowan a full and fair opportunity to present her opposition to the Petition, but ultimately rejected her arguments. There was no denial of due process.

5.     Ms. Cowan's objection that the Master's Order is somehow invalid because the Estate purportedly was opened in the wrong name is likewise rejected.

---

[5] *In re Erdman*, 2011 WL 2191680, at * 1 (Del. Ch. May 26, 2011).

[6] Del. Ct. Ch. R. 144(d).

[7] D.I. 61.

[8] D.I. 75.

[9] Del. Ct. Ch. R. 144(b) ("Any party failing to file a notice of exception within the period prescribed by this rule shall be deemed to have waived the right to review the report. . . .").

The Estate's assets and liabilities were clearly and correctly identified during the hearing on the Petition, and, regardless of whether or not Mr. Smith was a "Jr.," there is no basis to conclude that the Master erred in accepting the evidence regarding the Estate's ability to meet its obligations absent a sale of the Real Property.

6.      Ms. Cowan's argument that the Master erred by declining to accept her testimony that she and other heirs of the Estate could pay off debts is not supported by the record.  Ms. Cowan presented no supporting evidence to corroborate that claim and the Master did not err in rejecting it.

7.      Finally, the suggestion that the personal representative, his counsel (and the Master) engaged in criminal misconduct by presenting (and accepting) false information related to the Petition is frivolous.

8.      After *de novo* review, I am satisfied that the Exceptions to the Master's Order should be overruled, and that the Master's Order must be adopted and affirmed.

9.      The personal representative has requested counsel fees under the bad faith exception to the American Rule.  While I concur that several of Ms. Cowan's Exceptions are frivolous, I am not satisfied that this is the "rare" case where a litigant's conduct should be deemed so "egregious" that it merits fee-shifting,

5

particularly given Ms. Cowan's *pro se* status.[10]  With that said, Ms. Cowan is on notice that continued unfounded allegations of misconduct, including judicial misconduct, or frivolous and wasteful litigation tactics, will likely subject her to sanctions including, but not limited to, fee shifting.

**IT IS SO ORDERED.**

*/s/ Joseph R. Slights III*
Vice Chancellor

---

[10] *Cantor Fitzgerald, L.P. v. Cantor*, 2000 WL 307370, at * (Del. Ch. Mar. 13, 2000) ("To constitute bad faith, the [litigant's] actions must arise to a high level of egregiousness.") (citation omitted).